[Doc. No. 139]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID GABROS, M.D.,

        Plaintiff,

v.

SHORE MEDICAL CENTER, et al.,

        Defendants.

Civil No. 16-6135 (NLH/JS)

**O R D E R**

This matter is before the Court on the "Joint Motion to Seal" ("motion") [Doc. No. 139] filed by defendants Shore Medical Center, Scott Strenger, M.D., Jeanne Rowe, M.D., Peter Jungblut, M.D., Genesis Healthcare D/B/A Linwood Care Center (collectively, "defendants"), and plaintiff David Gabros, M.D. ("plaintiff"). The parties seek to seal Doc. No. 136. The Court exercises its discretion to decide the motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the following reasons, the motion is DENIED without prejudice.

Defendants aver the document contains the National Practitioner Data Bank ("NPDB") report submitted by Shore Medical Center on June 18, 2015 as a result of the final adverse action taken by Shore Medical Center revoking plaintiff's clinical privileges. Mot. at 1. The document was identified, but not

attached to Doc. No. 136. Defendants aver the NPDB is a repository of information relating to the professional competence and conduct of physicians and other health care practitioners created by the Secretary of the Department of Health and Human Services. Id. at 3 (citing 45 C.F.R. 60.1). Defendants state its goal is to improve health care quality, protect the public, and reduce health care fraud and abuse in the United States. Id. Last, defendants contend that federal regulation prohibits public dissemination of any NPDB report and only permit its disclosure in narrow circumstances, not including general litigation. Id. at 4. Defendants aver that if NPDB information is available to the public, reporting entities will be less inclined to provide thorough reports regarding problematic practitioners. Id. at 5. Therefore, defendants contend that disclosure of the NPDB report will go against its stated goals of improving health care quality, protecting the public, and reducing health care fraud and abuse in the United States.

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause

a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). In this District, motions to seal are governed by Local Civil Rule 5.3(c) which states that motions to seal shall include:

> [(1)] an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746 . . . . [(2)] an index, substantially in form suggested by Appendix U, describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. . . [and (3)] Proposed Findings of Fact and Conclusions of Law.

L.Civ. R. 5.3(c)(3).

The Court has reviewed the motion and the document at issue and finds defendants have failed to comply with Local Civil Rule 5.3(c) as their motion does not include an affidavit, declaration, or other document of the type referenced in 28 U.S.C. § 1746. Also, defendants have failed to comply with L.Civ. R. 5.3(c) as they have not provided the Court with an unredacted version of the document they wish to seal. The Court cannot determine whether a document should be sealed without looking at the document itself. The Court urges the parties to carefully read L.Civ. R. 5.3(c) and to refile this motion in compliance with its requirements.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 18th day of November 2019, that defendants' "Joint Motion to Seal" [Doc. No. 139] is DENIED without prejudice; and it is further

ORDERED that defendants are granted leave to refile a motion to seal pursuant to L. Civ. R. 5.3(c), as amended, by December 9, 2019 as to Doc. No. 136. If the Motion is not timely filed, the Clerk of the Court is directed to unseal the subject document.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge