[Doc. No. 134]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID GABROS, M.D., <br><br> Plaintiff, <br><br> v. <br><br> SHORE MEDICAL CENTER, et al., <br><br> Defendants. | Civil No. 16-6135 (NLH/JS) |

**O R D E R**

This matter is before the Court on the "Joint Motion to Seal" ("motion") [Doc. No. 134] filed by defendants Shore Medical Center, Scott Strenger, M.D., Jeanne Rowe, M.D., Peter Jungblut, M.D., Genesis Healthcare D/B/A Linwood Care Center (collectively, "defendants"), and plaintiff David Gabros, M.D. ("plaintiff"). The parties seek to seal: Doc. Nos. 86-33, 92-30, 92-33; pages 13-20, 22-23, 25-26, 32-33, and 44 of Doc. No. 124-1; and the Court's June 28, 2019 opinion [Doc. No. 130]. The Court exercises its discretion to decide the motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the following reasons, the motion is DENIED without prejudice.

Defendants aver the documents contain National Practitioner Data Bank ("NPDB") reports and New Jersey Health Care Professional Responsibility and Enhancement Act reports ("DCA

reports") which are deemed confidential information pursuant to federal regulations and state law; therefore, allowing the documents to be viewed by the general public would frustrate the confidentiality protections explicitly afforded under state and federal law. Mot. at 9. Defendants contend that federal regulation prohibits the dissemination of NPDB reports except in certain circumstances which do not include general litigation. Id. at 5. Defendants further contend that "[i]f NPDB reports are available to the public, reporting entities will lose confidence in the confidentiality protections guaranteed under the law, and will be less inclined to provide thorough reports regarding problematic practitioners[.]". Id.

Additionally, defendants contend DCA reports, which were created pursuant to New Jersey's Health Care Professional Responsibility and Reporting Enhancement Act ("the Act"), N.J. STAT. § 26:2H-12.2b, should remain sealed for similar reasons. DCA forms are "designed to strengthen patient protections by assuring that health care professionals who have demonstrated impairment or incompetence or engaged in professional misconduct become known to their licensing boards." Mot. at 7. Defendants contend that DCA reports are not available to the general public. Id. Further, health care entities can request DCA reports only if they certify the inquiry is for the purpose of "evaluating a health care professional for hiring, continued

2

employment, or continued privileges." Id.; see also N.J.A.C. 13:45E-6.1. Therefore, DCA reports are rarely disclosed and making them available to the general public would be inconsistent with the Act and would interfere with the public policy goals of the Act. Id. at 7. Similar to NPDB reports, reporting health entities would be less likely to report practitioners if the information would become public knowledge. Id. Further, defendants contend the Court's June 28, 2019 opinion recites the contents of the NPDB and DCA reports verbatim, therefore, the opinion should be sealed for the same reasons the NPDB and DCA reports should be sealed.

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3(c) which states that motions to seal shall include:

> [(1)] an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746 . . . . [(2)] an index, substantially in form suggested by Appendix U, describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. . . [and (3)] Proposed Findings of Fact and Conclusions of Law.

L.Civ. R. 5.3(c)(3). Further, Local Civil Rule 5.3(c) clarifies the proper chronology and general procedure to seal an "EXHIBIT" that is attached to a motion:

1) An unredacted or "clean" version of the EXHIBIT, the motion itself, and all other accompanying exhibits, certifications, documents, etc. (collectively, the "motion") are electronically filed on the docket under temporary seal. See L.Civ. R. 5.3(c)(4);

2) Within 1 day of filing the motion, the movant shall electronically file the motion with a redacted version of the EXHIBIT that removes the allegedly confidential information from public view. See L.Civ. R. 5.3(c)(4);

3) No later than 21 days after the motion is filed, the movant shall confer with the opposing party in an effort to narrow or eliminate the materials or information that may be the subject of a Motion to Seal. See L.Civ. R. 5.3(c)(2)(i);

4) The movant must file a Motion to Seal within 14 days following the complete briefing of the materials sought to be sealed or as may be ordered by the Court. See L.Civ. R. 5.3(c)(2)(ii); and

5) The Motion to Seal and all supporting papers to seal or otherwise restrict public access must be available for review by the public (meaning the motion, affidavit, index, and all other papers shall not be filed under temporary seal). See L.Civ. R. 5.3(c)(1).

The Court has reviewed the motion and the documents at issue and finds defendants have failed to comply with Local Civil Rule 5.3(c) as their motion does not include an affidavit, declaration, or other document of the type referenced in 28 U.S.C. § 1746. Further, defendants have failed to provide the Court with an index, substantially in form suggested by Appendix U. Instead, defendants have discussed the elements that should be discussed in the index in their brief in support of the motion. Last, defendants have failed to comply with the procedural requirements of Rule 5.3(c) as they have not filed

redacted versions of the exhibits they seek to seal pursuant to L.Civ. R. 5.3(c)(4). The Court urges the parties to carefully read Local Civil Rule 5.3(c) and to refile this motion in compliance with its requirements.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 18th day of November 2019, that defendants' "Joint Motion to Seal" [Doc. No. 134] is DENIED without prejudice; and it is further

ORDERED that defendants are granted leave to refile a motion to seal pursuant to L. Civ. R. 5.3(c), as amended, by December 9, 2019 as to: Doc. Nos. 86-33, 92-30, 92-33; pages 13-20, 22-23, 25-26, 32-33, and 44 of Doc. No. 124-1; and the Court's June 28, 2019 opinion [Doc. No. 130]. If the motion is not timely filed, the Clerk of the Court is directed to unseal the subject materials.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge